```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

KATHERINE J. HOUSEHOLDER,    )
                             )
          Plaintiff,         )
                             )
v.                           )    Case No. CIV-06-033-KEW
                             )
JO ANNE B. BARNHART,         )
Commissioner of Social       )
Security Administration,     )
                             )
          Defendant.         )
```

**OPINION AND ORDER**

Plaintiff Katherine J. Householder (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on June 18, 1947 and was 56 years old when her insured status expired in September of 2004. She acquired her GED and attended two years of college. Claimant has worked in the past as a self-employed tax preparer, bookkeeper, sales clerk, and construction worker. Claimant has been self-employed but has not engaged in substantial gainful employment since June 7, 2002. Claimant alleges an inability to work beginning in June of 2002 as a result of arthritis, osteoporosis complicated by obesity, and limitations associated with a compound fracture of her left hip and a broken collar bone.

**Procedural History**

On December 12, 2002, Claimant filed for disability benefits under Title II of the Social Security Act (42 U.S.C. § 401, *et seq.*). Claimant's application for benefits was denied initially and upon reconsideration. A hearing before ALJ Lance Hiltbrand was held on October 5, 2004. A supplemental hearing was held on January 21, 2005 to address the nature of Claimant's work activity. By decision dated April 15, 2005, the ALJ found that Claimant was not disabled at any time through the date of the decision. On November 23, 2005, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that Claimant retained the residual functional capacity ("RFC") to perform her past relevant work.

**Review**

Claimant asserts the ALJ committed error requiring reversal in failing to (1) give controlling weight to the opinions of her treating orthopedist; (2) apply the correct standard to justify giving minimal weight to the opinions of her treating orthopedist; and (3) failed to properly assess the credibility of the treating orthopedist's opinion and Claimant's subjective complaints by

4

failing to find her obesity as a medically determinable impairment when considered in combination with her musculoskeletal impairments.

## Treating Physicians Opinions

Claimant asserts the ALJ failed to afford her treating physician's opinions with controlling weight and failed to justify giving the same physician's opinions minimal weight. Claimant was treated by Dr. Richard Greisman, an orthopedic specialist, between January of 2003 and January of 2005, seeing Claimant on approximately fifteen occasions. (Tr. 279-87; 396-405). Claimant was referred to Dr. Greisman by her primary physician in January of 2003 upon her falling and breaking her shoulder. He also attended Claimant for various other orthopedic problems, including hip, shoulder, knee and hand conditions associated with osteoporosis and arthritis. Id. The primary impairment restricting Claimant identified by Dr. Greisman is related to Claimant's hip.

On September 7, 2004, Dr. Greisman completed a Medical Assessment of Ability to Do Work Related Activities (Physical) form in relation to Claimant. He determined Claimant could (1) sit for no more than 30 minutes at a time; (2) walk for only 1/4 block; (3) not work an eight hour day at any level, even if permitted the usual breaks and with the option of sitting or standing alternatively; (4) lift under 10 pounds, but not repetitively; and (5) not use her feet to push and needed to elevate her feet

"often." Dr. Greisman also specifically set forth that Claimant needed to recline 10-15 times per day. (Tr. 396).

In his decision, the ALJ recognizes Dr. Greisman as a treating physician. However, he found the issue of Claimant's ability to work is left to the Commissioner and, therefore, discounts any findings in Dr. Greisman's report which he perceives invades the Commissioner's role. This includes the finding that Claimant was required to recline 10-15 times per day. The ALJ states he considered Dr. Greisman's opinion but, when viewed along with other unspecified evidence in the record, did not afford the opinion controlling weight. The ALJ goes further and states

> [i]n fact, the undersigned gives it minimal weight as it is not supported by medically acceptable clinical and laboratory diagnostic techniques and is inconsistent with the other substantial evidence in the record, including Dr. Greisman's own treating notes.

The ALJ found Dr. Greisman's notes do not include findings which would support the restrictions he placed on Claimant's activities in the form. (Tr. 24). The ALJ ultimately concluded Claimant retains the RFC to perform light work and a wide range of sedentary work. He also makes specific findings which directly contradict Dr. Greisman's findings, including that she can lift/carry 15 pounds occasionally and 10 pounds frequently, can sit for six hour and stand/walk for four hours in an eight hour day with an opportunity to alternate sitting and standing at will with occasional stooping, crouching or crawling. (Tr. 24-25).

6

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted).

After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

Here, the ALJ specifically states he rejected providing controlling weight to Dr. Greisman's opinion and gave it "minimal" consideration. He failed, however, to engage in either the analysis required to discount a treating physician's opinion such that it is not afforded controlling weight or the required evaluation to afford the opinion deference. The ALJ appears to have mainly relied upon the fact Dr. Greisman failed to set forth the same limitations in his medical notes as he found on the medical assessment form. The absence of evidence is not evidence and the ALJ cannot rely upon the lack of contraindicating medical evidence to conclude Claimant can perform a wide range of light and sedentary work. Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993). Evidence is present in the record to indicate Claimant's limited hip mobility restricts her movements. (Tr. 288-

290). With the presence of such evidence, the ALJ was required to either seek clarification from Dr. Greisman as to the reasons for his conclusions or obtain further consultative medical evidence to reject or reduce the weight given to Dr. Greisman's opinions. *See*, Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).

Because the ALJ failed to engage in the required analysis, this Court finds his conclusions as to the weight provided to Dr. Greisman's opinions is not supported by substantial evidence. On remand, the ALJ shall provide specific, articulated reasons for any rejection of a treating physician's opinions to permit a proper review on appellate review.

### Consideration of Claimant's Obesity

Claimant also contends the ALJ should have considered the impact of her obesity upon her other medical conditions. An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with musculoskeletal impairments may increase the severity of the condition. 20 C.F.R. Pt. 405, Subpt. P, App. 1 § 1.00(Q). An ALJ is required to accept a diagnosis of obesity found by a treating physician or consultative examiner. Soc. Sec. R. 00-3p.

The record is replete with evidence Claimant is obese. Several medical examiners have included that finding in their ultimate diagnosis. (Tr. 138, 289, 298). A review of the ALJ's

9

decision reveals no discussion or reference to Claimant's obesity and any contribution that condition might have upon her other documented orthopedic problems. On remand, the ALJ shall document any such considerations.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 20th day of November, 2006.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE